872 F.2d 327
 Robert F. BLANGERES, et al., Plaintiffs-Appellants,
v.
BURLINGTON NORTHERN, INC., Defendant-Appellee,Idaho State
Tax Commission; Montana State Department of
Revenue, Defendants-Intervenors-Appellees,
 No. 87-4138.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 6, 1988.
Memorandum Jan. 19, 1989.
Decided April 10, 1989.
 
 William J. Powell, Powell and Morris, Spokane, Wash., for plaintiffs-appellants.
 Kurt W. Kroschel, Kurt W. Kroschel & Associates, Bellevue, Wash., for defendant-appellee.
 Larry M. Dunn, Office of the Atty. Gen., Boise, Idaho, for defendants-intervenors-appellees.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before FARRIS and POOLE, Circuit Judges, and KELLEHER,* District Judge.
 PER CURIAM:
 
 
 1
 Robert F. Blangeres and other employees of Burlington Northern appeal the district court's dismissal of their action. They also appeal the district court's order granting permissive intervention to the Idaho and Montana taxing authorities. We affirm.
 
 
 2
 The employees sought an order enjoining Burlington Northern from disclosing earnings records and other tax-related information to the Idaho and Montana taxing authorities. The district court found it lacked subject matter jurisdiction. We review de novo a district court's decision regarding subject matter jurisdiction. See Peter Starr Production Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986).
 
 
 3
 The district court properly found that the Tax Injunction Act deprives it of jurisdiction to grant the injunction sought. The Tax Injunction Act provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. Sec. 1341. The requested injunction would preclude Idaho and Montana from taxing Burlington Northern employees because the states would be unable to obtain the information necessary for assessment. The injunction would thus "restrain assessment" of state taxes. The fact that the injunction would restrain assessment indirectly rather than directly does not make the Tax Injunction Act inapplicable. The Third Circuit Court of Appeals came to the same conclusion in a similar case. See Sipe v. Amerada Hess Corp., 689 F.2d 396, 404 (3d Cir.1982) (rejecting an argument that the Tax Injunction Act does not apply to an action between two private parties).
 
 
 4
 The employees contend that 49 U.S.C. Sec. 11504 permits injunctions notwithstanding the Tax Injunction Act. 49 U.S.C. Sec. 11504(a)(2) sets forth circumstances in which a rail carrier is required to withhold from employee wages pursuant to state law. The statute does not expressly provide an exception to the Tax Injunction Act. We will not carve out exceptions to the Tax Injunction Act unless Congress clearly expresses an intent to create an exception. See Ashton v. Cory, 780 F.2d 816, 822 (9th Cir.1982); cf. 49 U.S.C. 11503(c).
 
 
 5
 Because we affirm dismissal, we need not decide whether the district court properly granted permissive intervention.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior District Judge for the Central District of California, sitting by designation