889 F.2d 571
 CARROLLTON-FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT and
City of Farmers Branch, Plaintiffs-Appellants,
v.
JOHNSON & CRAVENS, 13911, Inc., et al., Defendants,
Federal Deposit Insurance Corporation as manager of the
FSLIC Resolution Fund as successor to the Federal Savings
and Loan Insurance Corporation, as receiver for First
Savings Association of Burkburnett, Texas, Defendant-Appellee.
 No. 87-1835.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 21, 1989.
 
 572>>Earl Luna, Sydna H. Gordon, Dallas, Tex., for Carrollton Farmers Branch In dependent School Dist.
 Christopher J. Caso, Hutchison, Price, Boyle & Brooks, Dallas, Tex., for City of Farmers Branch.
 Robert B. Wellenberger, Robert O. Lamb, Dallas, Tex., for F.S.L.I.C.
 Appeals from the United States District Court for the Northern District of Texas.
 (Opinion Oct. 27, 1988, 5th Cir. 858 F.2d 1010)
 Before GEE,[1] RUBIN, and SMITH, Circuit Judges.
 ON PETITION FOR REHEARING
 PER CURIAM:
 
 
 1
 We have recalled the mandate in order to reconsider the plaintiffs' petitions for rehearing in light of the intervening decision in Coit Independence Joint Venture v. Federal Savings & Loan Ins. Corp., --- U.S. ----, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989). We now vacate our prior opinion, 858 F.2d 1010 (5th Cir.1988) modified 867 F.2d 1517 (5th Cir.1988), and remand for further proceedings in accordance with Coit. We and the parties hereto are in agreement that in the wake of Coit, the portion of our opinion that relied upon North Miss. Sav. & Loan Ass'n v. Hudspeth, 756 F.2d 1096 (5th Cir.1985), cert. denied, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), cannot stand.
 
 
 2
 Two other intervening developments call for our attention. First, the parties have informed us, in supplemental briefs, that the Federal Savings & Loan Insurance Corporation (FSLIC), which has now been succeeded in interest by defendant Federal Deposit Insurance Corporation (FDIC), has sold the property on which the plaintiffs seek to collect taxes. Second, Congress has enacted the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101-73, 103 Stat. 183 (1989).
 
 
 3
 The enactment of FIRREA resolves any jurisdictional uncertainties in the matter sub judice. Section 407 of FIRREA repeals 12 U.S.C. Sec. 1730(k)(1), upon which our prior opinion herein heavily relied, see 858 F.2d at 1012-16; and section 209 of FIRREA amends 12 U.S.C. Sec. 1819 to expand federal jurisdiction where the FDIC is a party. This statutory change is aptly explained in our recent opinion in Triland Holdings & Co. v. Sunbelt Serv. Corp., 884 F.2d 205, 207-08 (5th Cir.1989). The text of amended section 1819 is set forth in relevant part in Triland, id. at 207.
 
 
 4
 As we explained in Triland, the new section expands federal jurisdiction to all suits to which the FDIC is a party, with one exception pertinent here: where the FDIC was appointed, as receiver, exclusively by state authorities. Here, as we noted in our prior opinion, 858 F.2d at 1011, FSLIC was appointed, as receiver, by both the appropriate state authority and the Federal Home Loan Bank Board. Hence the exception, which is codified at 12 U.S.C. Sec. 1819(b) (2)(D)(i), does not apply to this case, and section 1819(b) (2)(A) confers original jurisdiction while section 1819(b) (2)(B) provides removal jurisdiction.
 
 
 5
 This circumstance is unaffected by the apparent sale of the subject property. First, the fact of the sale, if arguendo problematical, appears to raise more a question of mootness than an issue of federal subject matter jurisdiction. Moreover, FSLIC has noted, in its supplemental brief, that it sold the property prior to a resolution, as a matter of federal law, see 12 C.F.R. Sec. 569a.7, of the priority to be accorded to the plaintiff taxing authorities' claims. FSLIC asserts that as an inducement to the buyer of the property, it agreed to indemnify against those claims and escrowed adequate funds for that purpose. But, according to FSLIC, in so doing it has preserved the nature of the taxing authorities' claims as equitable claims against the receivership estate; and, in FSLIC's view, whether the taxing authorities, under such circumstances, may proceed judicially against the purchaser of the property involves questions of federal law.
 
 
 6
 If these assertions by FSLIC (now succeeded by FDIC) are correct, there is federal jurisdiction to entertain the instant removed action. To the extent, if any, that the matter requires factual development, we leave the same to the district court. But on the present state of the record, and in light of FIRREA, we see nothing to divest the district court of jurisdiction.
 
 
 7
 Accordingly, we VACATE our prior opinion and REMAND this matter to the district court for further proceedings consistent herewith.
 
 
 
 [1]
 Because of the illness of Judge John Minor Wisdom, Judge Thomas Gibbs Gee has been substituted as a member of the panel