

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-27-1996

# In Re: Orthopedic Bone

Precedential or Non-Precedential:

Docket 96-1131,96-1132

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"In Re: Orthopedic Bone" (1996). *1996 Decisions.* Paper 91.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/91

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 96-1131 & 96-1132
_____

IN RE: ORTHOPEDIC BONE SCREW PRODUCTS LIABILITY LITIGATION

Scoliosis Research Society
and Steven M. Mardjetko, M.D.,
Petitioners at No. 96-1131
Appellants at No. 96-1132

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. MDL-1014
_____

Argued August 8, 1996

Before: MANSMANN and SCIRICA, Circuit Judges
and DIAMOND, District Judge

_____

ORDER OF DISMISSAL
_____

On January 2, 1996, the Scoliosis Research Society ("SRS") and Steven M. Mardjetko, M.D., filed a motion seeking to stay public disclosure by plaintiffs of data underlying a study of the safety and efficacy of bone screws, entitled "A Historical Cohort Study of Pedicle Screw Fixation in Thoracic, Lumbar and Sacral Spinal Fusion." They asserted the data was privileged under the Illinois Medical Studies Act, 5 Ill. Con. Stat. 5/8-2101 et seq.

In a memorandum dated February 14, 1996, the district court denied the motion. First, the district court found the Illinois Medical Studies Act inapplicable under Fed R. Evid. 501 because it believed "there [was] a pervasive federal aspect to the litigation," mandating application of the federal law of privilege. Memorandum and Order, In re: Orthopedic Bone Screw Products Liability Litigation, MDL 1014 at 4 (E.D. Pa. February

14, 1996) (Pretrial Order No. 252). Second, the district court found that Illinois law did not govern under Klaxon v. Stentor Electric Mfg. Co., 313 U.S. 487 (1941). Finally, the court reaffirmed its prior ruling that Cohort Study data could be used in public comments to the FDA under Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). In a separate memorandum, the district court also denied specific objections of various defendants and intervenors to the disclosure of Cohort Study data in public comments to the FDA. Memorandum and Order, In re: Orthopedic Bone Screw Products Liability Litigation, MDL 1014 (E.D. Pa. February 14, 1996) (Pretrial Order No. 254).

On February 20, 1996, SRS and Dr. Mardjetko filed this appeal and petition for a Writ of Mandamus relating to Pretrial Orders No. 252 and 254. Since that time, plaintiffs have filed public comments with the FDA containing Cohort Study data. Because that disclosure cannot now be undone, we will dismiss the appeal and petition as moot. We will also vacate Pretrial Orders No. 252 and 254 because SRS and Dr. Mardjetko have, through no fault of their own, been deprived of a review on the merits of the district court's adverse rulings and ought not to be forced to acquiesce in them. U.S. Bancorp Mortgage Company v. Bonner Mall Partnership, 115 S. Ct. 386, 391-92 (1994). Our order does not affect any other pretrial order.

Should the SRS and Dr. Mardjetko raise claims of privilege again before the district court, we note that the Supreme Court's recent decision in Medtronic, Inc. v. Lohr, No. 95-886, 64 U.S.L.W. 4625 (June 26, 1996), may bear upon whether the Illinois Medical Studies Act applies to Cohort Study data under Fed. R. Evid. 501. Of course we express no opinion on the matter and leave this question to the district court in the first instance.

Each party to bear its own costs.

BY THE COURT,


/s/ Anthony J. Scirica
Circuit Judge

Dated: August 27, 1996