**RTC COMMERCIAL ASSETS TRUST 1995–NP3–1, a Delaware Business Trust, Plaintiff,**

v.

**PHOENIX BOND & INDEMNITY COMPANY, Cook County ex rel., Thomas C. Hynes in His Capacity as the County Assessor, Edward J. Rosewell in His Capacity as the County Treasurer and the County Collector, and David Orr in his Capacity as the County Clerk, Defendants.**

No. 96 C 2382.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 16, 1996.

Edward Sidney Weil, Jill Anne Glickstein, Gary P. Segal, Schwartz, Cooper, Greenberg & Krauss, Chicago, IL, for RTC Commercial Assets Trust.

Stanford D. Marks, Chicago, IL, for defendant Phoenix Bond & Indemnity Company.

David Mark Lavin, Cook County State's Attorney's Office, Chicago, IL, for defendants Thomas C. Hynes, Edward J. Rosewell.

## *MEMORANDUM OPINION AND ORDER*

GETTLEMAN, District Judge.

Plaintiff RTC Commercial Assets Trust 1995–NP3–1 has brought a four count complaint for declaratory relief against defendants Phoenix Bond & Indemnity Company ("Phoenix") and Thomas C. Hynes in his official capacity as Cook County Assessor, Edward J. Rosewell in his capacity as County Treasurer and County Collector, and David Orr as County Clerk (the "County Defendants"). Specifically, plaintiff asks the court to declare invalid certain tax liens placed by defendants against property owned by plaintiff pursuant to an assignment from the Resolution Trust Company ("RTC"). The County Defendants have moved to dismiss for lack of subject matter jurisdiction, arguing that the Tax Injunction Act, 28 U.S.C. § 1341, prohibits this court from granting the requested relief. Phoenix has also moved to dismiss, pursuant to Fed. R.Civ.P. 12(b)(6), asserting that the complaint fails to state a claim for which relief can be granted. For the reasons set forth below, the court concludes that the complaint fails to allege federal jurisdiction adequately. Because plaintiff may be able to plead other grounds for subject matter jurisdiction, the complaint is dismissed without prejudice.

## *FACTS*

According to the complaint, plaintiff is a Delaware business trust qualified to do business in Illinois, which holds a collateral assignment of 100% of the beneficial interest ("CABI") in a land trust as security for repayment of a loan to 185 North Wabash Partnership of approximately $904,000.00. The land trust holds an undivided one-half leasehold interest in two of six adjacent parcels of land which together have the common address of 185 North Wabash Avenue, Chicago, Illinois (the "Property"). Plaintiff also holds a leasehold mortgage encumbering all six parcels as security for repayment of a loan of $15,000,000. The CABI and mortgage were originally held by Trans Ohio Federal Savings Bank. On July 20, 1992, Trans Ohio was seized by the RTC, which was appointed receiver. As receiver, RTC succeeded to all of Trans Ohio's rights in and to the Property and loans. On October 24, 1995, the CABI and mortgage were assigned to plaintiff by the RTC as receiver.

Phoenix is alleged to be "an entity qualified to do business in Illinois which maintains offices and/or conducts business in Cook County, Illinois." The complaint does not allege Phoenix's state of incorporation or its principal place of business. On or about March 1, 1995, Phoenix purchased a tax certificate at a Cook County tax sale representing the 1993 real estate taxes on a portion of the Property. Phoenix subsequently purchased certificates representing the second installment of the 1991 real estate taxes, all of the 1992 real estate taxes, and the first installment of the 1994 real estate taxes.

## *DISCUSSION*

Plaintiff has filed suit pursuant to 12 U.S.C. § 1825(b) seeking a declaration that

Phoenix's tax lien is void, that plaintiff has no liability to the County for property taxes due for 1993 through 1995, that the County's tax liens are void, that plaintiff owes no penalties for taxes due, and that plaintiff is entitled to challenge the County Assessor's assessments of the Property values and taxes for 1991 through the present. As. noted, the County defendants have moved to dismiss arguing that the Tax Injunction Act prohibits this court from granting the requested relief. In reviewing the briefs on this matter, it has become apparent to the court that there is a more basic jurisdictional issue: whether plaintiff has any right to bring suit in this court.

In its complaint, plaintiff alleges that this court has subject matter jurisdiction pursuant to 12 U.S.C. § 1825(b), which was enacted as part of the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"). Section 1825 is entitled "Exemption from Taxation; Limitations on Borrowing." Specifically, Section 1825(b) provides:

(1) The Corporation including its franchise, its capital, reserves, and surplus, and its income, shall be exempt from all taxation imposed by any State, county municipality, or local taxing authority, except that any real property of the Corporation shall be subject to State, territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed, except that, notwithstanding the failure of any person to challenge an assessment under State law of such property's value, such value, and the tax thereon, shall be determined as of the period for which such tax is imposed.

(2) No property of the Corporation shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Corporation, nor shall any involuntary lien attach to the property of the Corporation.

(3) The Corporation shall not be liable for any amounts in the nature of penalties or fines, including those arising from the failure of any person to pay any real property, personal property, probate, or recording tax or any recording or filing fees when due.

As is readily apparent, section 1825(b) contains no specific jurisdictional clause. The RTC does have, however, a statutory right to bring suit in federal court pursuant to 12 U.S.C. § 1441a(a)(11), which provides:

Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the [RTC] is a party shall be deemed to arise under the laws of the United States, and the United States District Court shall have original jurisdiction. The [RTC] may, without bond or security, remove any such action, suit, or proceeding from a state court to a United States district court or to the United States District Court for the District of Columbia.

RTC is obviously not a party to this lawsuit. The issue thus becomes whether, in assigning its rights to delinquent notes to private investors such as plaintiff, RTC can also assign its right to sue in federal court. If it can, it is only through an extension of the reasoning of the doctrine (discussed below) first announced in *D'Oench Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), for there is no specific section of FIRREA which explicitly permits such an assignment.

This issue has been specifically addressed in only three cases. In *National Enterprises, Inc. v. Smith*, 892 F.Supp. 948 (E.D.Mich. 1985), the court held that an assignment of all of RTC's rights included its right to bring suit in federal court. In reaching its decision, the court noted that had RTC so chosen it could have filed suit in federal court against the defendant. The court then stated that the policy behind the creation of the RTC and the *D'Oench, Duhme* doctrine left it clear that the case arises under the laws of the United States and that RTC can and did assign its right to initiate suit in federal court.

In contrast with and without citation to *National Enterprises*, the court in *Vanderbilt Mortgage & Finance Company v. Acceptance Insurance Company*, 1996 WL 87224 (E.D.La.1996), held that the RTC's assignment of all "right title and interest" did not include an assignment of its removal rights

under Section 1441(a)(a)(11). It did so without any discussion of *D'Oench, Duhme* or the policies behind its codification into 12 U.S.C. § 1823(e).

Finally, In *RTC Commercial Loan Trust 1995–NP1A v. Winthrop Management,* 923 F.Supp. 83 (E.D.Va.1996), the court, after reviewing both *Vanderbilt Mortgage* and *National Enterprises,* as well as the *D'Oench, Duhme* doctrine and its codification, held that the RTC's right to file suit in or remove to federal court any action in which it is a party pursuant to Section 1441(a)(a)(11) was a right personal to RTC which could not be assigned.

██ "A legal assignment is a transfer or setting over of property ... and unless some way qualified, it is properly the transfer of one's whole interest." *National Enterprise,* 892 F.Supp. at 951 (citing 6 Am Jur 2d, § 1 at 185 (1963)). Typically, an assignee acquires all of the assignor's rights and liabilities in the assignment. *Id.* Some rights are so personal to the assignor, however, that they are not assignable. *See Soderberg v. Gens,* 652 F.Supp. 560 (N.D.Ill.1987). A classic example is a personal service contract. *Ames v. Sayler,* 267 Ill.App.3d 672, 205 Ill. Dec. 223, 642 N.E.2d 1340 (4th Dist.1994). Whether RTC's statutory right to file suit in federal court is so personal as to preclude assignment requires examination of the *D'Oench Duhme* doctrine, its codification, and FIRREA.

In *D'Oench, Duhme,* the Court held that under federal common law a debtor is estopped from asserting any defense based on a side agreement that would tend to mislead a federal insurance agency about the terms of an insured note. Congress codified and supplemented the doctrine in 12 U.S.C. § 1823(3), which established a four-prong test for invalidating a debtor's secret agreement defenses. *Winthrop Management,* 923 F.Supp. at 86. Both *D'Oench, Duhme* and Section 1823(3) have been extended to third parties like plaintiff who have purchased delinquent notes from the FDIC, and later the RTC. *Id.* Courts have also extended the doctrine to allow assignment of certain substantive statutory rights given to the FDIC. *National Enterprise,* 892 F.Supp. at 950–51.

For example, in *Mountain States Financial Resources v. Agrawal,* 777 F.Supp. 1550, 1552 (W.D.Okla.1991), the court held that the six year limitations period in 12 U.S.C. § 1821(d)(14)(A) was assignable by FDIC. *See also FDIC v. Bledsoe,* 989 F.2d 805 (5th Cir.1993) (same). According to *Mountain States,* the policy behind the extension of the *D'Oench, Duhme* doctrine to allow the FDIC to assign its defenses compelled allowing assignment of the six year limitations period. That policy, unidentified in *Mountain States,* was to encourage purchasers to acquire assets from the RTC and thus ease RTC's ability to protect the assets of failed institutions. *Bledsoe,* 989 F.2d at 810–811. In contrast to these decisions, however, is *WAMCO, III Ltd. v. First Piedmont Mortg. Corp.,* 856 F.Supp. 1076 (E.D.Va.1994), in which the court determined that the six year limitation period was a right personal to RTC and, therefore, not assignable.

This court agrees with the well-reasoned analysis and conclusions of the *Winthrop Management* court that the grant of federal jurisdiction in Section 1441(a)(11) is a right personal to the governmental agency that is not assignable. Extending certain defenses, and even statutory limitations periods, is decidedly different than extending this court's original jurisdictional. Congress explicitly stated that federal subject matter jurisdiction would exist when the RTC is a party to the lawsuit. It could have identified RTC or its assigns, but did not. The right to sue in federal court is a benefit that is generally personal unless a statute dictates otherwise. As the *Winthrop Management* court noted, diversity of citizenship cannot be assigned. The public policy behind *D'Oench, Duhme,* and the establishment of RTC can be upheld and enforced equally well in the state courts. State courts are certainly capable of and do apply the federal common and statutory law expressed by the *D'Oench, Duhme* doctrine and its codification in 12 U.S.C. § 1823. *See Twenty First Century Recovery, Ltd. v. Mase,* 279 Ill.App.3d 660, 216 Ill.Dec. 513, 665 N.E.2d 573 (5th Dist.1996).

### Conclusion

Because Section 1825 is the only asserted basis for federal jurisdiction, the instant com-

plaint must be dismissed. It may be possible, however, for a plaintiff to plead another basis for subject matter jurisdiction. Accordingly, the dismissal is without prejudice. Should plaintiff so choose, it shall file an amended complaint asserting proper grounds for federal subject matter jurisdiction on or before the status report set for October 17, 1996.