ALD-269                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2983
_____

IN RE:  NICHOLAS QUEEN,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(M.D. Pa. 3-98-cv-02074)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 30, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: September 6, 2012 )
_____

OPINION
_____

PER CURIAM.

Nicholas Queen petitions this Court for a writ of mandamus compelling the United

States District Court for the Middle District of Pennsylvania to order his immediate

release from custody.  We will dismiss the petition.

As the parties are familiar with the case, we will only briefly review the

procedural history. In December of 1998, Queen filed a petition for writ of habeas

corpus.  The District Court denied the petition in 2000.  Since then, Queen has

1

periodically sought relief. Most recently, on January 30, 2012, Queen filed a motion seeking relief from the 2000 decision, which the District Court denied on August 1, 2012. On June 30, 2012, Queen filed a petition with this Court seeking a writ of mandamus directing the District Court to release him from custody. Queen has since filed a notice of appeal to this Court regarding the August 1, 2012 order denying relief.

Mandamus is a drastic remedy available only in the most extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Queen has other means to obtain his relief, as demonstrated by his recent appeal of his last motion. To the extent that Queen seeks relief relating to the merits of the claims raised in his habeas petition, mandamus is not an alternative to an appeal. In re Chambers Dev. Co., Inc., 148 F.3d 214 (3d Cir. 1998). ("A writ of mandamus should not be issued where relief may be obtained through an ordinary appeal"). Further, he has not demonstrated that he has the right to the relief sought. Thus, there is no basis for granting the petition for writ of mandamus.

We will deny the petition for a writ of mandamus.[1]

---

[1] To the extent that Queen is asking us to compel a ruling on his most recent motion, the petition is dismissed as moot. See In re Orthopedic Bone Screw Prod. Liab. Litig., 94 F.3d 110 (3d Cir. 1996).