DLD-160                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3652
_____

IN RE:  RAMSEY RANDALL,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 11, 2019
Before:  JORDAN, GREENAWAY, Jr., and NYGAARD, Circuit Judges

(Opinion filed:  August 19, 2019)
_____

OPINION[*]
_____

PER CURIAM

        Ramsey Randall has filed a petition for a writ of mandamus, asking us to order the

state court to rule on a pretrial motion in criminal proceedings against him.  We will deny

his petition.

        A writ of mandamus is a drastic remedy available only in extraordinary

circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

2005).  Generally, mandamus is a "means 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'"  United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (quoting Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943)).  A writ should not issue unless the petitioner has "no other adequate means to attain the relief" sought, and has shown that his right to the writ is "clear and indisputable."  In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378-79 (quoting Cheney v. United States, 542 U.S. 367, 380-81 (2004)).

It is well-settled that we may consider a petition for a writ of mandamus only if the action involves subject matter that may at some time come within this Court's appellate jurisdiction.  See Christian, 660 F.2d at 894-95.  Here, however, Randall does not allege any act or omission by a federal District Court within this Circuit over which we could exercise authority by way of mandamus.  Nor does he allege any act or omission by a federal officer, employee, or agency that a District Court might have mandamus jurisdiction to address in the first instance.  See 28 U.S.C. § 1361.

Instead, Randall's original mandamus petition asks us to order a state court to rule on a motion filed in that court.  We lack the authority to grant such relief.  See In re Richards, 213 F.3d 773, 781 (3d Cir. 2000) ("[I]n the ordinary course of events, federal courts (except for the Supreme Court) lack appellate jurisdiction over their state counterparts, thus making writs of mandamus generally inappropriate."); see also White

---

constitute binding precedent.

2

v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam) (federal courts lack jurisdiction to direct a state court to rule on habeas petition). Further, it appears that the state court has since ruled on Randall's motion, so that even if we had the authority to order the state court to act, Randall's request would be moot. See In re Orthopedic Bone Screw Prod. Liab. Litig., 94 F.3d 110, 110 (3d Cir. 1996); cf. In re Cantwell, 639 F.2d 1050, 1053 (3d Cir. 1981) ("[A]n appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief.").

In his amended mandamus petition, Randall appears to argue that the delayed decision on his pretrial motion violated his due process rights and he asks us to vacate his conviction and sentence. A claim by a prisoner that "he is in custody pursuant to the judgment of a State court . . . in violation of the Constitution" is properly brought in a petition filed under 28 U.S.C. § 2254. Randall currently has such a petition pending. Because he had "other adequate means to attain the relief" sought, mandamus relief is not appropriate.

Accordingly, we will deny the original petition and the amended petition.