## In re STAFFORD POOL & FITNESS CENTER, Debtor.

### Stafford Pool & Fitness Center, Plaintiff,

v.

**Township of Stafford, a municipal corporation of the State of New Jersey; Residential Funding Corp., as Assignee of BNY as Nominee for Governmental Finance Co., L.P.; Governmental Finance Co., L.P.; and American Reliable Insurance Co. of Florida, Defendants.**

**Bankruptcy No. 99–56943.**
**Adversary No. 00–5021.**

United States Bankruptcy Court,
D. New Jersey.

Aug. 24, 2000.

Timothy P. Neumann, Broege, Neumann, Fischer & Shaver, Manasquan, NJ, for debtor.

Adam D. Greenberg, Honig & Greenberg, L.L.C., Voorhees, NJ, for Residential Funding Corp. and Governmental Finance Corp.

Donald Crecca, Schwartz, Tobia & Stanziale, Rosenweig & Sedita, Montclair, NJ, for American Reliable Insurance Co. of Florida.

Charles Hutchinson, Gilmore & Monahan, P.A., Toms River, NJ, for Township of Stafford.

Stuart James, FDIC New York Legal Services Office, New York City, for F.D.I.C.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion for summary judgment by defendants Residential Funding Corp. (hereinafter "Residential Funding") and Governmental Finance Corp. (hereinafter "Governmental Finance"), joined by defendants American Reliable Insurance Company of Florida (hereinafter "American Reliable") and the Township of Stafford, and a cross-motion for summary judgment filed by plaintiff Stafford Pool & Fitness Center (hereinafter "Stafford Pool" or "the debtor"). The complaint seeks a determination that the holders of tax sale certificates for debtor's property are neither creditors of the debtor nor holders of liens on the property. The principal issue on this motion is whether a tax lien may attach to real property during the period that the Federal Deposit Insurance Corporation (hereinafter "the FDIC") holds a mortgage pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1811 et seq. (hereinafter "FIRREA").

The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(K). This shall constitute the court's findings of fact and conclusions of law.

## FINDINGS OF FACT

The relevant facts are undisputed. Stafford Pool is the owner of real property located at 700 South Main Street, Stafford Township, New Jersey (hereinafter "the property"), from which it operates its business of a pool and fitness center. On January 25, 1989, Stafford Pool granted a mortgage on the property to The First National Bank of Toms River, N.J. (hereinafter "First National") as security for a loan of approximately $2.2 million. A subsequent insolvency of First National resulted in the appointment of the Federal Deposit Insurance Corporation (hereinafter "the FDIC") as receiver on May 21, 1991. The FDIC thus succeeded to the assets of First National, including the mortgage on the Stafford property.

Stafford Pool did not pay real property taxes accruing to Stafford Township in 1993, nor for any subsequent year. Stafford Township sold a tax certificate on the property to P.A. Investments LLC, on May 26, 1994,[1] which was assigned to Residential Funding, and to American Reliable on February 19, 1998,[2] which continues to hold the certificate. These tax certificates are for unpaid water and sewerage charges as well as for property taxes.

Stafford Pool filed a petition for relief under chapter 11 of title 11, United States Code (the Bankruptcy Code) on August 10, 1999. On September 24, 1999, the FDIC assigned the Stafford Pool mortgage to LR2A–JV Limited Partnership.

On January 10, 2000, Stafford Pool filed a complaint against the Township of Stafford, Residential Funding, Governmental Finance, and American Reliable seeking a declaration that the tax certificates and tax, water, and sewerage charges are not liens on the property. The complaint alleges that 12 U.S.C. § 1825(b)(2) prohibits the attachment of liens on the property during the period in which the FDIC held the mortgage.

Residential Funding and Governmental Finance filed a motion for summary judgment dismissing the complaint on April 10, 2000, arguing that the FDIC's status as holder of a mortgage on the property is not a bar to the attachment of tax liens. This motion was subsequently joined by American Reliable and Stafford Township. Stafford Pool filed a cross-motion for summary judgment against the defendants declaring the tax liens invalid and void.

## CONCLUSIONS OF LAW

### I.

A party seeking summary judgment bears the initial burden of demonstrating that the pleadings, depositions, answers, and affidavits, if any, create no genuine issues of material fact, and that the movant is therefore entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); FED.R.CIV.P. 56(c) (incorporated by reference in FED. R. BANKR.P. 7056). Where the moving party satisfies this burden, the burden then shifts to the non-moving party to provide specific facts showing a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is no genuine triable issue unless there is sufficient evidence that would permit a finding in favor of the non-moving party. *See id.* "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248, 106 S.Ct. at 2510 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); FED. R.CIV.P. 56(e)). A court considering a motion for summary judgment does not resolve factual disputes but must view all facts and inferences therefrom in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Orson, Inc. v. Miramax Film Corp.,* 79 F.3d 1358, 1362 n. 1 (3d Cir.1996).

### II.

Section 1825(b) of FIRREA provides as follows:

(b) Other exemptions

When acting as a receiver, the following provisions shall apply with respect to the Corporation [i.e. the FDIC]:

---

**1.** This certificate was sold for the amount of $ 62,943.98.

**2.** This certificate was sold for the amount of $ 51,971.52. Including the payment of subsequent taxes against the property, American's claim against Stafford is $ 190,858.97.

(1) The Corporation including its franchise, its capital, reserves, and surplus, and its income, shall be exempt from all taxation imposed by any State, county, municipality, or local taxing authority, except that any real property of the Corporation shall be subject to State, territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed, except that, notwithstanding the failure of any person to challenge an assessment under State law of such property's value, such value, and the tax thereon, shall be determined as of the period for which such tax is imposed.

(2) No property of the Corporation shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Corporation, nor shall any involuntary lien attach to the property of the Corporation.

■■■ Under section 1825(b)(1) property owned by the FDIC is not subject to taxation, except for state and local real property taxes. *See Simon v. Cebrick,* 53 F.3d 17, 19 (3d Cir.1995). Under section 1825(b)(2), however, property tax liens cannot extinguish the mortgage lien of the FDIC without its consent. *See id.* at 22. The issue in this case is whether a tax lien may attach to real property during a period in which the FDIC holds a mortgage on the property.

■■■ The debtor relies primarily on *Old Bridge Owners Cooperative Corp. v. Township of Old Bridge,* 914 F.Supp. 1059 (D.N.J.1996). *Old Bridge* addressed the meaning of the clause in section 1825(b)(2) which states " ... nor shall any involuntary lien attach to the property of the [FDIC]." *Old Bridge* viewed the FDIC's mortgage as "the property" in the subject clause. The court stated that the issue was whether "a lien arises and attaches to the property for a delinquency that results when the property is held by a federal receiver." *Id.* at 1065. The court held that section 1825(b)(2) prevents the imposition of tax liens on real property during a

period in which the FDIC holds a mortgage on such property. *Id.* at 1065–66. *Old Bridge* was followed in *PLM Tax Certificate Program 1991–92, LP v. Denton Investments, Inc.,* 195 Ariz. 210, 986 P.2d 243 (1999).

A contrary result was reached, however, in *Casino Reinvestment Development Authority v. Cohen,* 321 N.J.Super. 297, 728 A.2d 868 (Law Div.1998). Focusing on the issue of whether a property tax lien attaches to "the property of the Corporation [i.e. the FDIC]" under section 1825(b)(2), *Casino Reinvestment* noted that under N.J.S.A. 54:5–6 property tax liens attach to the real estate itself. *Id.* at 301–02, 728 A.2d 868. Since the interest held by the FDIC in *Casino Reinvestment* was a mortgage, and not title, the court concluded that the property tax liens did not attach to "the property of the Corporation" under section 1825(b)(2), i.e. the mortgage, but rather to the underlying real property. *Id.* at 307, 728 A.2d 868. The court held that "[s]ince the real property herein never became 'property of the Corporation,' the provisions of 12 U.S.C.A. § 1825(b)(2) do not bar the lien of [the tax lienholder]." *Id.* *Casino Reinvestment* held further that *Old Bridge's* conclusion that the FDIC was personally liable for real property taxes on the property on which the FDIC holds a mortgage is contrary to New Jersey law, which treats unpaid property taxes as a lien only and not a personal liability of the owner. *Casino Reinvestment,* 321 N.J.Super. at 306, 728 A.2d 868 (citing cases). *Casino Reinvestment's* holding that section 1825(b)(2) does not prevent attachment of tax liens on real property on which the FDIC holds a mortgage has been followed by *37 Huntington Street v. City of Hartford,* 2000 WL 226372 (Conn.Super. Feb. 10, 2000), and the same result was reached in *S/N–1 REO Ltd. Liability Co. v. City of Fall River,* 81 F.Supp.2d 142 (D.Mass.1999). This court must determine which case, *Old Bridge* or *Casino Reinvestment,* interpreted 12 U.S.C. § 1825(b)(2) correctly.

■ Although decisions of the district court are entitled to substantial deference in this district, *see In re Brown*, 244 B.R. 62, 64 (Bankr.D.N.J.2000), such decisions are not binding in other cases because "there is no such thing as 'the law of the district.'" *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d·Cir. 1991). For the reasons which follow, this court respectfully disagrees with the decision in *Old Bridge* on this issue, and agrees with *Casino Reinvestment.*

### III.

■ The FDIC takes the position in this case that the fact that it holds a mortgage does not prevent the imposition of tax liens on the property under section 1825(b)(2). This has long been the FDIC's position on this issue. *See Casino Reinvestment*, 321 N.J.Super. at 302–03, 728 A.2d 868 (citing FDIC Legal Memorandum 91–48 (May 31, 1991) and FDIC Statement of Policy Regarding the Payment of State and Local Taxes at 61 Fed.Reg. 65053). *See also Simon*, 53 F.3d at 19, and *Matagorda County v. Russell Law*, 19 F.3d 215, 222 (5th Cir.1994), where the FDIC took the same position on this issue. Substantial deference is to be accorded to the interpretation of a statute by the agency authorized to administer it. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984); *Rust v. Sullivan*, 500 U.S. 173, 184, 111 S.Ct. 1759, 1767, 114 L.Ed.2d 233 (1991).

### IV.

■ A mortgage held by the FDIC is an interest in property within the meaning of section 1825(b)(2). *Simon*, 53 F.3d at 21. The question here is not, however, whether a mortgage is property. *The question is whether the FDIC's mortgage is the property to which the tax lien attaches* within the meaning of the clause in 12 U.S.C. § 1825(b)(2) that "nor shall any involuntary lien attach to the *property of the Corporation.*" (emphasis added). As

*Casino Reinvestment* noted, under N.J.S.A. 54:5–6 and 54:5–9 property taxes are liens only on the land on which they are assessed. *Casino Reinvestment*, 321 N.J.Super. at 301–02, 306, 728 A.2d 868. Therefore the tax liens in question here do not attach to the FDIC's mortgage, which is "the property of the Corporation" under section 1825(b)(2); rather, the tax liens attach to the same real property to which the FDIC's mortgage also attaches. Such attachment does not violate section 1825(b)(2).

### V.

■ The court in *Old Bridge* believed that if no liens for taxes could attach to property on which the FDIC holds a mortgage, the taxes would nevertheless be paid because "the FDIC remains personally liable for those amounts." *Old Bridge*, 914 F.Supp. at 1068. As previously noted, however, "New Jersey treats unpaid taxes as a lien on real property and not as a personal liability of the owner." *Casino Reinvestment*, 321 N.J.Super. at 306, 728 A.2d 868 (citing *City of Newark v. Central & Lafayette Realty Co. Inc.*, 150 N.J.Super. 18, 21, 374 A.2d 504 (App.Div.1977) *cert. denied*, 75 N.J. 528, 384 A.2d 508 (1977); *Garden State Racing Ass'n v. Cherry Hill*, 1 N.J.Tax 569, 574 (1980)). Thus, if the tax liens in question do not attach to the real property, there is no way for the tax liability to be enforced. It seems highly unlikely that it was the intention of Congress in enacting section 1825(b)(2) of FIRREA to cause such a result. As previously noted, the FDIC does not believe that Congress had any such intention.

### CONCLUSION

For the foregoing reasons, the court holds that the tax liens at issue are valid liens notwithstanding that the FDIC held a mortgage on the same property during the time period in question. The defendants' motion for summary judgment dismissing the adversary proceeding is there-

fore granted, and the plaintiff's motion is denied. The attorney for Residential Funding and Governmental Finance is to submit an order under D.N.J. LBR 9072–1(c) within ten days.