**In re ENRON CORPORATION, et al., Debtors.**

**Official Employment–Related Issues Committee of Enron Corp., et al., Plaintiffs,**

v.

**John J. Lavorato, et al., Defendants.**

**Bankruptcy No. 01–16034–AJG. Adversary No. 03–3721.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Nov. 19, 2004.

Mark E. Maney, McClain Leppert and Maney, Houston, TX, for Plaintiff.

Holland O'Neil, Gardere Wynne Sewell, LLP, Dallas, TX, David R. Jones, John F. Higgins, IV, Porter & Hedges, LLP, James M. Cleary, Jr., Martin Disiere et al., Houston, TX, Wiley F. James, James Goldman and Haugland, El Paso, TX, William W. Rucker, Jr., Rucker Middleton KKP, Jonathan D. Azano, Strasburger & Price, LLP, Clayton R. Kauffold, Dobrowski LLP, Houston, TX, Kevin W. Cole, Cole & Powell PC, Austin, TX, for Various Defendants.

### MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

On May 27, 2003, the Official Employment–Related Issues Committee of Enron Corporation (the "Employment Committee") filed this adversary proceeding seeking to avoid transfers as (1) an avoidable post-petition transfer under 11 U.S.C. §§ 549 and 550 [1]; (2) a voidable preference under 11 U.S.C. §§ 547 and 550; and (3) a fraudulent transfer under 11 U.S.C.

§§ 544(b), 548 and 550 and applicable state law. Several defendants contend that the Employment Committee lacks standing to prosecute the complaint. They move the court for summary judgment dismissing the complaint. *See* doc. nos. 400, 406, 407, 414, 415, 416, 417, 419, 421, 422, 425, 427, and 478. The committee opposes the motions. The court conducted a hearing on the motions on September 10, 2004.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Washington v. Armstrong World Indus., Inc.,* 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion, the inference to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. A factual dispute bars summary judgment only when the disputed fact is determinative under governing law. *Id.* at 250, 106 S.Ct. 2505.

The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Matsu-*

---

[1]. Judge William Greendyke granted summary judgment to all defendants on the issue of avoidable post-petition transfers. *See* Judge Greendyke's April 19, 2004, memorandum of decision and order.

*shita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

On December 2, 2001, Enron Corporation and several of its affiliates, the debtors, filed petitions for relief under Chapter 11 of the Bankruptcy Code. On March 29, 2002, the United States Trustee appointed the Employment Committee as an official creditor committee. 11 U.S.C. § 1102.

The defendants assert that the bankruptcy court improperly assigned the subject avoidance claims from the debtors to the committee. The defendants further assert that the committee is not prosecuting the avoidance claims for the benefit of the Enron bankruptcy estates and therefore cannot obtain a judgment under § 550.

The defendants contend that the bankruptcy court "assigned" the avoidance claims to the committee. The committee responds that the bankruptcy court merely assigned the standing to prosecute the avoidance claims to the committee.

The Bankruptcy Code provides that the "trustee" may avoid certain transfers. 11 U.S.C. §§ 544(b)(1), 547(b), and 548(a). If the "trustee" avoids a transfer, the "trustee" may recover a judgment "for the benefit of the estate." 11 U.S.C. § 550(a). The trustee includes a debtor in possession under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1107(a). As a debtor in possession, Enron had standing to bring the avoidance claims.

█ But Enron chose not to challenge the payments addressed by these avoidance claims. *See* Order of Final Approval, Under 11 U.S.C. §§ 105(a), 363(b), 1103(c)(5) and 1109(b) and Fed. R. Bankr.P. 9019, Approving Settlement of Severance Claims of Similarly–Situated Claimants and Authorizing the Official Employment–Related Issues Committee to Commence Certain Avoidance Actions in Behalf of Estates, entered August 28, 2002, ¶ M, p. 9–10. Instead, the Enron debtors entered a settlement with the committee. Under the terms of the settlement, Enron agreed that the committee could prosecute the avoidance claims. A creditor's committee may be granted standing to file a suit on behalf of the trustee or the debtor in possession. *Louisiana World Exposition, Inc.*, 832 F.2d 1391 (5th Cir.1987).

██ In the Fifth Circuit, to be granted standing to act on behalf of the trustee, the committee must establish the existence of a colorable claim and an unjustifiable refusal by the trustee or debtor in possession to prosecute the claim. In addition, the committee must obtain leave of the bankruptcy court to sue on behalf of the estate. In its discretion, the court considers the benefit to the estate. 832 F.2d at 1397.

█ In the Second Circuit, official committees may be granted standing when the bankruptcy court finds that the litigation is "in the best interests of the bankruptcy estate" and is " 'necessary and beneficial' to the fair and efficient resolution of the bankruptcy proceedings." *In re Commodore Int'l Ltd.*, 262 F.3d 96, 99–100 (2d Cir.2001). Therefore, a creditors' committee may be authorized by the court to bring avoidance power actions. *Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir.2003) ("We believe that Sections 1109(b), 1103(c)(5)...of the Bankruptcy Code evince Congress's approval of derivative avoidance actions by creditors' committees, and that bankruptcy courts' equitable powers enable them to authorize such suits as a remedy in cases where a debtor-in-possession unreasonably refuses to pursue an avoidance claim."). *See also, In re STN Enterprises*, 779 F.2d 901 (2d

Cir.1985); *Coral Petroleum, Inc. v. Banque Paribas–London,* 797 F.2d 1351 (5th Cir.1986) (creditors' committee should have been granted standing to bring action even if debtor had not consented to committee's bringing action); *In re Professional Inv. Properties of America,* 955 F.2d 623 (9th Cir.1992) (while a committee may be acting on their own, they have the blessing of the trustee and the court to pursue avoidance actions on behalf of the estate; to refuse a creditor the right "to stand in the trustee's shoes" would frustrate the intention of the bankruptcy court to settle a dispute in the estate's interest).

▆▆▆ The defendants received transfers within days of the Enron bankruptcy cases. That in and of itself makes the avoidance claims colorable. The unjustifiable refusal element does not connote a formalistic checklist. The committee in *Louisiana World Exposition* did not formally ask the debtor to file the complaint in question. Instead, the committee sought court approval and the debtor did not question the committee's standing. Where a debtor in possession consents to suit by a committee, the test is met. *See,* 832 F.2d at 1397. The bankruptcy court found that Enron determined not to prosecute the claims but instead agreed to assign the prosecution to the committee. That constitutes the functional equivalent of the unjustifiable refusal test. The test protects the trustee, deferring to the trustee to act for the estate. Consent by the trustee accomplishes that objective. The bankruptcy court found that prosecution of the claims by the committee "is in the best interests of the Debtors' estates, and is necessary and beneficial to the fair and efficient resolution of these proceedings." Order entered August 28, 2002, ¶ N, p. 11.

The court thereupon granted authority to the committee to investigate and prosecute the avoidance claims "as a representative and on behalf of the Debtors' estates." Order entered August 28, 2002, ¶ 9, p. 15.

▆▆▆ The defendants dwell on the use of the word "assign" by the bankruptcy court. The bankruptcy court did not assign the avoidance claims to a third party to act for itself. Rather, the bankruptcy court assigned the authority to prosecute the avoidance claims to the committee as the representative of the estates and on behalf of the estates. The defendants' reliance on cases discussing assignment of avoidance claims is misplaced.

▆▆▆ Furthermore, § 1123 of the Bankruptcy Code allows a plan of reorganization to provide for "the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, [of any claim or interest belonging to the debtor or to the estate]." 11 U.S.C. § 1123(b)(3)(B). Section 1123(b)(3)(B) allows a plan to transfer avoidance powers to a party other than the debtor or the trustee. That party may be authorized by a plan to exercise avoidance powers. *Matter of Texas General Petroleum Corp.,* 52 F.3d 1330 (5th Cir.1995).

Since the filing of the complaint, the Enron plan of reorganization has been confirmed. *See* Order entered July 24, 2004, Confirming Supplemental Modified Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, and Related Relief. The plan incorporates the bankruptcy court's order regarding the committee's authorization to prosecute the avoidance claims. Article 1, ¶ 1.252 ("1.256 **Severance Settlement Order:** The order, dated August 28, 2002, of the Bankruptcy Court approving, among other things, a compromise and settlement of severance claims of similarly-situated claimants and authorizing the Employee Committee to commence certain avoidance actions on behalf of the

Debtors and their chapter 11 estates.") The plan authorizes the committee to continue to prosecute the claims. Article 33, ¶ 33.2.

Thus, even though the committee filed the avoidance action before plan confirmation, the plan incorporates the prior court order authorizing the committee to act on behalf of the debtors and their estates. The committee may therefore prosecute the complaint pursuant to § 1123(b)(3)(B).

The defendants further argue that the committee is not prosecuting the avoidance claims for the benefit of the estates and, therefore, lacks standing to obtain a judgment under § 550(a). Section 550(a) provides that if a transfer is avoided under §§ 544, 547 or 548, "the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property." 11 U.S.C. § 550(a).

While the bankruptcy court authorized the committee to prosecute the avoidance claims on behalf of the estates, the court also provided: "The net proceeds recovered from the [avoidance claims], if any, shall be distributed on a *pro rata* basis to the Settling Former Employees in accordance with the Stipulation of Settlement." Order entered August 28, 2002, ¶ 9, p. 15. A group of then current and former Enron employees, represented by the committee, settled various claims with the debtors and its other official creditors committee. As part of the settlement, the debtors and its other committee agreed that the Employment Committee would prosecute certain avoidance actions as representative of the estates and for the benefit of the estates. However, they further agreed that the net proceeds, if any, from the avoidance litigation would be distributed to the settling employees in accordance with the terms of the settlement agreement. The agreement provides that the settling employees

would be eligible to receive a *pro rata* distribution from any recovery from the avoidance litigation. *See* Stipulation of Settlement of Severance Claims, ¶¶ 9, 15. The court's order entered August 28, 2002, recognized and approved the assignment of the net proceeds of the litigation to the settling employees. Order, ¶¶ M, N, 9.

The settling employees had claims against the debtors. The settlement resolved the claims. As part of the consideration for the settlement, the settling employees obtained the net proceeds of any recovery from the avoidance claims. Under § 550(a), the "trustee" may recover a judgment "for the benefit of the estate." The bankruptcy court held that the committee would act for the benefit of the estate. But, under the court-approved settlement, the recovery of a judgment would be for the benefit of a sub-set of the estate, which is facially inconsistent with § 550(a).

The Bankruptcy Code authorizes a trustee to recover avoidable transfers to maximize the assets available for the creditors and to equalize the distribution of those assets to the creditors. Section 550(a) assures that the recovery will be available for the bankruptcy estate. The recovery indeed becomes property of the estate. 11 U.S.C. § 541(a)(3). Consistent with these provisions, under Chapter 11 of the Code, the creditors of the estate decide, in the plan of reorganization process, how the estate should be divided among the creditors. A plan of reorganization must provide for the treatment of any class of claims that is impaired under the plan. 11 U.S.C. § 1123(a)(3). The plan also must provide an adequate means for implementation which may include a "transfer of all or any part of the property of the estate to one or more entities, whether organized before or after the confirmation of such plan." Section 1123(a)(5)(B). A plan may also provide for the settlement or adjust-

ment of any claim belonging to the estate. Section 1123(b)(3). Under these, and other provisions, the creditors may choose to support a plan that divides the property of the estate among different classes of creditors or in settlement of certain claims of certain creditors. The plan may therefore dictate and direct the distribution of any recovery under § 550(a).

The Enron plan incorporated and implemented the settlement. The creditors voted on the plan. The court confirmed the plan. The plan defines the settling employees pursuant to the order approving the settlement. Article 1, ¶ 1.250. The plan identifies this adversary proceeding. Article 1, ¶ 1.251. The plan establishes a settlement fund trust governed by a trust agreement to be funded by any recovery from the avoidance claims and distributed to the settling employees as beneficiaries. Article 1, ¶¶ 1.253, 1.254, 1.255. The plan provides for the distribution of any recovery pursuant to the settlement. Article 1, ¶ 1.252 ("1.252 **Severance Settlement Fund Proceeds**: The net proceeds, if any, to be realized from the Severance Settlement Fund Litigation, which proceeds shall be distributed to Settling Former Employees in accordance with the terms and conditions of the Severance Settlement Fund Trust Agreement."); Article 7, ¶ 7.6 ("7.6 **Severance Settlement Fund Litigation Payments**: In accordance with Severance Settlement Order and the Severance Settlement Fund Trust Agreement, Severance Settlement Fund Proceeds shall be paid to the Settling Former Employees in full and final satisfaction of all Claims deemed released in accordance with the Severance Settlement Order.").

The plan therefore provides for the distribution of the estate, with the portion of the estate that may be recovered by the committee being paid to the settling employees through the plan created trust.

Functionally, the committee recovers a judgment for the benefit of the estate under § 550(a) and the plan, as confirmed by court order, directs its distribution. As a result, the committee may recover a judgment for the benefit of the estate under § 550(a).

Any issue regarding whether the committee may recover a judgment under § 550(a) has been eliminated by the confirmation of the plan.

Lastly, the defendants allude to a lack of notice of a hearing to approve the settlement. The defendants have not presented summary judgment evidence of a motion by the defendants for relief from the bankruptcy court's order approving the settlement or the bankruptcy court's order confirming the plan.

Based on the foregoing,

**IT IS ORDERED** that the motions for summary judgment are **DENIED**.