# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2016

Lyle W. Cayce
Clerk

————

No. 15-11188

————

In re:   AMERICAN LEBANESE SYRIAN ASSOCIATED CHARITIES,
INCORPORATED; ST. JUDE CHILDREN'S RESEARCH HOSPITAL;
LE BONHEUR CHILDREN'S HOSPITAL FOUNDATION

> Petitioners

————

On Petition for a Writ of Mandamus to the
United States District Court
for the Northern District of Texas, Dallas

————

Before DAVIS, JONES, and SMITH, Circuit Judges.[*]

PER CURIAM:

Before the Court is a Petition for Rehearing, treated as a motion for reconsideration, of the order of January 22, 2016, denying the Petition for Writ of Mandamus filed by Petitioners St. Jude Children's Research Hospital and the American Lebanese Syrian Associated Charities, Incorporated ("ALSAC"), which have now been joined by Le Bonheur Children's Hospital Foundation as a petitioner.  IT IS ORDERED that the motion for reconsideration is DENIED.

This dispute arises because R. Allen Stanford made charitable donations to all three Petitioners before the Securities and Exchange Commission's

---

[*] One of the judges on the original panel was recused and did not participate in the order issued by a quorum on January 22, 2016.  In accordance with this court's usual procedures, that judge has been replaced with a non-recused judge.

determination that Stanford and his companies were operating a Ponzi scheme. At the SEC's request, the district court for the Northern District of Texas appointed Ralph Janvey as receiver over Stanford's companies' assets and records in February 2009. In August 2010, the district court created the Official Stanford Investors Committee ("OSIC") to represent the Stanford investors and, among other things, help the receiver determine possible causes of action to benefit the receivership estate.

The receiver brought fraudulent transfer actions against numerous individuals and entities to whom Stanford had donated funds, but the receiver chose not to sue Petitioners. Instead, the receiver assigned his claims against Petitioners to the OSIC, which brought this suit against them under Texas state law, asserting federal question jurisdiction under 28 U.S.C. § 754, which provides, in relevant part:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
>
> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.

Petitioners moved to dismiss for, among other things, lack of subject matter jurisdiction, arguing that section 754 grants jurisdiction only to suits by a federal receiver and *not* to suits by an assignee of a federal receiver. The district court disagreed, reasoning that OSIC is analogous to an unsecured creditor committee in a Chapter 11 bankruptcy proceeding. The court cited case law holding that such a creditor committee has the authority to bring a cause of action on behalf of the trustee or debtor in possession, and it concluded that the rationale for allowing such an action in the bankruptcy context applied

even more strongly in the receivership context.[1] The court therefore held that section 754 confers subject matter jurisdiction here for OSIC's claims assigned by the receiver, and it denied Petitioners' Motion to Dismiss. Petitioners now seek mandamus relief. In support, Petitioners cite mostly cases interpreting a statute applicable to the Resolution Trust Corporation but none concerning general receivership or section 754 in particular.[2]

> To be entitled to the extraordinary remedy of mandamus, LRNA has to satisfy three requirements. First, it must have "no other adequate means to attain the relief [it] desires." *Cheney v. U.S. Dist. Court for Dist. of Columbia,* 542 U.S. 367, 380, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004). Second, it has to show a "clear and indisputable" right to the writ. *Id.* at 381, 124 S. Ct. 2576. And third, the court "must be satisfied that the writ is appropriate under the circumstances." *Id.*[3]

The second prong determines the outcome of the mandamus petition and the motion for reconsideration. To obtain mandamus relief, Petitioners "must do more than prove merely that the court erred . . . .  A mere showing of error, after all, may be corrected on appeal."[4] Rather, they "must show not only that the district court erred, but that it *clearly and indisputably erred.*"[5]

Simply put, we cannot say the district court "clearly and indisputably" erred. Neither side of this dispute has cited any controlling cases interpreting

---

[1] The district court cited, e.g., *La. World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 247 (5th Cir. 1988); *In re Enron Corp.*, 319 B.R. 128, 132 (Bankr. S.D. Tex. 2004); *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003).

[2] Petitioners cite, e.g., *Nat'l Enters., Inc. v. Smith*, 114 F.3d 561 (6th Cir. 1997); *RTC Commercial Loan Trust 1995-NPIA v. Winthrop Mgmt.*, 923 F. Supp. 83, 88 (E.D. Va. 1996); *RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indem. Co.*, 943 F. Supp. 962, 965 (N.D. Ill. 1996).

[3] *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 288 (5th Cir.), *cert. denied*, 136 S. Ct. 64 (2015).

[4] *In re Occidental Petroleum Corp.*, 217 F.3d 293, 295 (5th Cir. 2000) (footnotes omitted).

[5] *Id.* (footnote omitted, emphasis in original); *accord In re Volkswagen of Am., Inc.*, 545 F.3d 304, 308 (5th Cir. 2008) (en banc).

28 U.S.C. § 754, and both sides have focused on cases which they claim are more analogous to section 754 than to the other side's line of cases. We find the answer to the question far from clear, so we cannot say the district court "clearly and indisputably erred," if it erred at all. Because Petitioners cannot meet the second prong of the test, they are not entitled to mandamus relief. We need not address the other prongs. And contrary to the order of January 22, which was based on mootness, we disclaim any ruling on the ultimate question whether section 754 grants jurisdiction for OSIC's claims, a question that may be resolved at a later time in an ordinary appeal. We therefore deny mandamus relief only on Petitioners' failure to show clear and indisputable error at the second prong.

Accordingly, IT IS ORDERED that the motion for reconsideration is DENIED.

JONES, Circuit Judge, dissenting.

I respectfully dissent and would be inclined to grant the writ of mandamus. We should at least have held oral argument on whether the Petitioners have a clear and indisputable right to the writ. It is unfortunate that the Petitioner charities should be forced to litigate this case to conclusion, if they can afford it, before resolving this difficult and novel jurisdictional issue.

The statute at issue states that a receiver "shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title." 28 U.S.C. § 754.

1. "Capacity" is not a grant of federal jurisdiction.[1] To the contrary, "a federal receiver appointed under Rule 66 may sue in any district court without any need for the appointment of an ancillary receiver, *provided, of course, that the court has subject-matter jurisdiction.*" 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2984, at 28-29 (3d ed. 2014) (emphasis added). Because OSIC is only pursuing Texas law fraudulent transfer claims and has not alleged diversity of citizenship, it does not appear that OSIC or the receiver can demonstrate that the district court has subject-matter jurisdiction.

2. Even if the receiver could sue in federal court without a separate basis for jurisdiction, it is clear that the receiver "cannot contractually assign federal jurisdiction to another party absent statutory authorization." *See Nat'l Enters., Inc. v. Smith*, 114 F.3d 561, 564-65 (6th Cir. 1997) (declining to allow the Resolution Trust Corporation to assign its statutory right to sue in federal

---

[1] *Cf.* 12 U.S.C. § 1441a(*l*)(1)(conferring federal court jurisdiction on any suit brought by the former Resolution Trust Corporation).

court); *see also RTC Commercial Loan Trust 1995-NP1A v. Winthrop Mgmt.*, 923 F.Supp. 83, 88 (E.D. Va. 1996) (noting that the right to sue in federal court is a personal right); *Wamco III, Ltd. v. First Piedmont Mortg. Corp.*, 856 F.Supp. 1076, 1086 (E.D. Va. 1994) ("It is difficult to envision a remedy or benefit that is more personal in nature [than the statutory right to sue].").

3. Finally, even if federal jurisdiction is assignable and exists without diversity or any other basis, there is no indication that Congress intended the receiver's fiduciary duties, see 28 U.S.C. § 959(b), to be assignable to a committee of investor-creditors. It is highly doubtful that a district court has inherent power to approve the receiver's assignment of causes of action to a non-fiduciary like OSIC.[2] By contrast, in bankruptcy cases, Congress both specifically authorized bankruptcy courts to appoint creditors' committees and delineated their powers and duties. *See, e.g.*, 11 U.S.C. §§ 1102-03.

---

[2] The receiver may, of course, hire professionals who are then subject to the receiver's fiduciary duties.