# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2022

Lyle W. Cayce
Clerk

No. 22-40039

In re A&D Interests, Incorporated, *doing business as* Heartbreakers Gentleman's Club; Mike Armstrong; Peggy Armstrong,

*Petitioners*.

---

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Texas
USDC No. 3:20-CV-8

---

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:

A&D Interests, Incorporated (doing business as the "Heartbreakers Gentlemen's Club"), Mike Armstrong, and Peggy Armstrong, petition us for a writ of mandamus. They argue that the district court[1] should not have certified a Fair Labor Standards Act collective action comprised of "exotic" dancers who had worked at Heartbreakers in the last three years. We must decide whether the district court's decision to send notice to potential opt-in plaintiffs who signed arbitration agreements ran afoul of our holding in *In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir. 2019). And, if the district

---

[1] This matter was decided by the magistrate judge, to whom the parties jointly ceded authority per 28 U.S.C. § 636(c).

court did err, we must also decide whether Petitioners have cleared the remaining hurdles for mandamus relief. For the following reasons, we grant Petitioner's motion.

I

Respondent Stacey Kibodeaux worked as an exotic dancer for Petitioners in Dickinson, Texas. She alleges that Petitioners unlawfully misclassified her (along with all other exotic dancers) as an independent contractor, resulting in Petitioners' unlawfully withholding wages she was due in violation of the Fair Labor Standards Act ("FLSA"). 28 U.S.C. § 203 *et seq.* Shortly after Kibodeaux filed her complaint, three other former dancers joined the lawsuit. The plaintiffs moved the district court to certify the case as an FLSA "collective action" comprised of dancers who worked at Heartbreakers in the preceding three years.

The district court granted Kibodeaux's motion for "conditional certification." *Kibodeaux v. A&D Ints., Inc.*, No. 3:20-CV-00008, 2020 WL 6292551 (S.D. Tex. Oct. 27, 2020) ("*Kibodeaux I*"), *order vacated on reconsideration*, 2021 WL 6344723 (S.D. Tex. Mar. 4, 2021). Petitioners moved the district court for permission to seek interlocutory review of that order, which the district court denied. Petitioners then petitioned us for a writ of mandamus. We denied that petition.[2]

While the first mandamus action was pending, we decided *Swales v. KLLM Transport Services, L.L.C.*, which did away with conditional certification in FLSA cases. 985 F.3d 430, 436 (5th Cir. 2021). In light of this change in the law, the district court vacated its conditional certification order

---

[2] As our dissenting colleague notes, this petition involves the same legal question as another petition we denied two years ago in this same litigation. But no party argues that our prior decision bars Petitioners from raising the same argument under the doctrines of *res judicata*, the law of the case, or any other ground.

and ordered the parties to conduct preliminary discovery. Armed with new discovery, the district court granted the plaintiffs' motion for certification and issuance of notice. *Kibodeaux v. A&D Ints., Inc.*, No. 3:20-CV-008, 2022 WL 92856 (S.D. Tex. Jan. 10, 2022) ("*Kibodeaux II*"). Petitioners then filed a second mandamus petition asking us to vacate the district court's order certifying the collective action. To facilitate orderly appellate review, the district court stayed its order certifying the collective action pending resolution of this petition.

## II

When deciding whether mandamus is warranted, "[w]e ask (1) whether the petitioner has demonstrated that it has 'no other adequate means to attain the relief [it] desires'; (2) whether the petitioner's 'right to issuance of the writ is clear and indisputable'; and (3) whether we, in the exercise of our discretion, are 'satisfied that the writ is appropriate under the circumstances.'" *In re Itron, Inc.*, 883 F.3d 553, 567 (5th Cir. 2018) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)).

## A

The first requirement is that the error must be "truly 'irremediable on ordinary appeal.'" *JPMorgan*, 916 F.3d at 499 (quoting *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017)). While "[t]hat is a high bar," Petitioners meet it. *Id.* (quoting *Depuy*, 870 F.3d at 352–53) (alteration in original). In *JPMorgan* we held that orders facilitating notice to potential opt-in plaintiffs (called "conditional certification" before *Swales*) meet this requirement because the issue will be moot after notice is sent. *See id.*; *see also In re Citizens Bank, N.A.*, 15 F.4th 607, 621 (3d Cir. 2021) (noting that mandamus was the only remedy to address a district court's pretrial error in an FLSA opt-in collective action). The same is true here. Because this issue

will become moot before Petitioners can file an appeal, the first requirement is met.

B

The second requirement is that we "must be satisfied that the writ is appropriate under the circumstances." *JPMorgan*, 916 F.3d at 499 (quoting *Cheney*, 542 U.S. at 380). This generally means that the moving party must show that "the issues implicated have 'importance beyond the immediate case.'" *Id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc)). We also consider "such factors as the need for judicial neutrality and the avoidance of rulings that unnecessarily stimulate litigation." *In re Spiros Partners, Ltd.*, 816 F. App'x 985, 987 (5th Cir. 2020) (per curiam).

The question of whether district courts may send notice of a collective action to plaintiffs who have signed arbitration agreements was important enough in *JPMorgan* to justify mandamus relief. 916 F.3d at 499–500. It remains important. Federal district courts have splintered over the issue, *see id.* at 499 n.6, and permitting district courts to ignore *JPMorgan*'s clear holding would sow needless confusion. Ensuring judicial neutrality and preventing district courts from needlessly stirring up litigation is good cause for a writ to issue. *See In re Spiros Partners, Ltd.*, 816 F. App'x at 987.

C

Finally, mandamus is only appropriate if Petitioners can show a "'clear and indisputable' right to the writ." *In re Am. Lebanese Syrian Associated Charities, Inc.*, 815 F.3d 204, 206 (5th Cir. 2016) (quoting *Cheney*, 542 U.S. at 380). It is not enough for Petitioners to show that the district court erred or abused its discretion. *Id.* Rather, they must show that the district court clearly and indisputably erred such that "there has been a

No. 22-40039

usurpation of judicial power." *JPMorgan*, 916 F.3d at 500 n.8 (quoting *Will*, 389 U.S. at 95).

Petitioners argue that the district court erred by "certifying"[3] the collective action runs afoul of our holding in *JPMorgan* that district courts may not issue notice to potential plaintiffs who have signed valid, enforceable arbitration agreements.[4] The relevant language in *JPMorgan* is, "district courts may not send notice to an employee with a valid arbitration agreement unless the record shows that nothing in the agreement would prohibit that employee from participating in the collective action." 916 F.3d at 501.

The district court held that while it would be a "rare case in which a district court issues notice to a group of plaintiffs who have executed agreements calling for arbitration," "this is one of those atypical cases." *Kibodeaux I*, 2020 WL 6292551, at *5. The district court found that this case was atypical because while the arbitration agreement mandated that all claims (including FLSA claims) be resolved by arbitration, the agreement went on to say that no disputes between them may be handled through class action lawsuits. *Id.* at 3. This case involves a "collective action" not a class action, and the two mechanisms have important differences—chief among them being that plaintiffs must opt into collective actions, while members of a Rule 23 class action are bound unless they opt out. *See, e.g.*, *Genesis Healthcare*

---

[3] We use the word "certification" for simplicity. But as we noted in *Swales* "the word 'certification,' much less 'conditional certification,' appears nowhere in the FLSA." 985 F.3d at 434. When we speak of certification, we are really referring to the district court's exercise of its discretionary authority to oversee the notice and opt-in process—a process that differs in important ways from the certification of a Rule 23 class action. *See id.* at 435.

[4] Petitioners also argue that the district court erred by authorizing notice to parties who were not "similarly situated," misapplying our holding in *Swales*. Because we find that mandamus relief is appropriate based on Petitioners' first theory, we need not reach this issue.

No. 22-40039

*Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) (noting that "Rule 23 actions are fundamentally different from collective actions under the FLSA"); *Swales*, 985 F.3d at 435. And because of this difference, the district court found that the arbitration agreement bar on participating in class actions did not bar dancers from participating in collective actions.[5]

This was in error. Mindful of the Supreme Court's instruction that courts must "rigorously enforce agreements to arbitrate," we look to the text of the arbitration agreement. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). The arbitration agreement contains three separate provisions that govern how disputes between the parties would be handled. The first says that the parties "agree that any controversy or claim [between them] . . . shall be resolved by arbitration." *Kibodeaux I*, 2020 WL 6292551, at *3.[6] The second says that "the only parties to the arbitration shall be [Petitioners] and [the individual dancer]." *Id.* (second alteration in original). The third says that "any dispute between them shall not be the subject of a class action lawsuit or arbitration proceeding." *Id.* While the district court correctly noted that the third clause does not bar potential plaintiffs from joining the collective action, that still leaves the other two clauses. Both make it equally impossible for potential opt-in plaintiffs who signed arbitration agreements

---

[5] Our dissenting colleague cites *Vine v. PLS Financial Servs., Inc.* for the proposition that class or collective action waivers are in effect conditional, only effective after a party moves to compel arbitration. 807 F. App'x 320, 328 (5th Cir. 2020) (per curiam) (unpublished). Not so. *Vine* held that a party who waived an arbitration clause also waived a class action waiver because the two were intertwined. *See id.* Indeed, *Vine* provides support for our holding. We agree that a party gives up "their right to participate in a class action *by virtue of* their agreement to resolve disputes exclusively through individual arbitration." *Id.* The same logic holds here. By agreeing to individual arbitration, Respondents agreed not to participate in collective and class actions.

[6] Quotations from the arbitration agreement have been placed in normal typeface rather than all caps for ease of reading.

to participate in a collective action in federal court. The first clause dictates that any dispute must be before an arbitrator, and not a court—including of course a federal district court. And the second clause dictates that the dispute must be an individual, one-on-one arbitration. That second clause rules out collective actions, class actions, joinder, and any other similar mechanism for joining multiple parties together. *See, e.g.*, *Szilassy v. Ameriprise Fin. Servs., Inc.*, No. 07-CV-80559, 2007 WL 9677242, at *1 (S.D. Fla. Aug. 2, 2007) (arbitration agreement prevented plaintiffs from participating in a FLSA collective action in federal court). Even if the third clause left the door open to collective actions, the other two clauses slam that door shut.

Indeed, the district court seems to have recognized that these two clauses bar potential plaintiffs from joining the collective action. *See Kibodeaux I*, 2020 WL 6292551, at 5 (noting that the plaintiffs could pursue a collective action "at least for the time being"). But it justified sending notice to plaintiffs who signed admittedly valid arbitration agreements because Petitioners have not yet moved to compel arbitration. The district court reasoned that "[t]he parties can certainly waive or renounce their right to insist upon arbitration," and that it could send notice despite an apparently valid arbitration agreement until Petitioners moved to compel arbitration. *Kibodeaux I*, 2020 WL 6292551, at *3. But that would be true even if the arbitration agreement explicitly forbade participation in collective actions. The district court did not explain why an anti-collective action clause would have deserved respect, while other clauses that have the same effect lie dormant until a party moves to compel arbitration. The difference between the first, second, and third clauses—all of which have the same legal effect here—is a distinction without a difference.

Worse still, we rejected this exact argument in *JPMorgan*. That district court similarly reasoned that "even if [the petitioner] was correct that notice may not be sent to individuals who signed arbitration agreements and

thus might be compelled to arbitrate, 'the Court cannot determine that there is no possibility that putative class members will be able to join the suit until Defendant files a motion to compel arbitration against specific individuals.'" *JPMorgan*, 916 F.3d at 498. We responded that the failure of the petitioner to compel arbitration did not matter. *Id.* at 503 n.19.[7] Nor should it matter—far from waiving their right to enforce the arbitration agreement, Petitioners *have* attempted to enforce it by opposing certification. Instead, a district court's focus should be on whether those receiving notice will be able to "ultimately participate in the collective [action]." *Swales*, 985 F.3d at 441 (emphasis added) (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 502 (2016)). Issuing notice to those who will not *ultimately* be able to participate "'merely stirs up litigation,' which is what *Hoffmann-La Roche* flatly proscribes." *Id.* (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

In sum, the district court apparently recognized that the arbitration agreement would prevent the opt-in plaintiffs from ultimately participating in the collective action, but approved class notice anyways. This was not merely an erroneous exercise of discretion. In light of *JPMorgan*, it was wrong as a matter of law. Because the district court clearly and indisputably erred, mandamus relief is appropriate.

The petition for writ of mandamus is GRANTED.

---

[7] In his twenty-page January 10, 2022, order that is under review, the magistrate judge—remarkably—never even mentioned our controlling decision in *JPMorgan*.

No. 22-40039

Stephen A. Higginson, *Circuit Judge*, dissenting:

With respect, I dissent because I do not see that this lower court—devotedly applying our *JPMorgan*[1] decision two years ago in *Kibodeaux I*[2] and then, in the decision on review, equally devotedly applying *Swales*[3]—has been shown to have clearly and indisputably erred.

Preliminarily, to my eye, the petition we grant today is indistinguishable from the one our court denied two years ago in this same litigation. Our court's assessment then was searching, not only at the panel stage but also in our consideration of the petition for rehearing en banc, to which we ordered a response. It is difficult to see indisputable error justifying this "drastic and extraordinary remedy," *JPMorgan*, 916 F.3d at 499, when a previous panel and, on request, review by the full court found none.

More importantly, not only was mandamus denied in *JPMorgan*, 916 F.3d at 505, but that case, significantly, involved an agreement that explicitly precluded collective actions, which the agreement here does not.

Relatedly, the potential plaintiffs here, unlike in *JPMorgan*, only waived their right to bring a collective action if their disputes are channeled to arbitration.[4] *Cf. Vine v. PLS Financial Servs., Inc.*, 807 F. App'x 320, 328

---

[1] *In re JPMorgan Chase & Co.*, 916 F.3d 494 (5th Cir. 2019).

[2] *Kibodeaux v. A&D Interests, Inc.*, No. 3:20-CV-00008, 2020 WL 6292551 (S.D. Tex. Oct. 27, 2020).

[3] *Swales v. KLLM Transp. Servs. L.L.C.*, 985 F.3d 430 (5th Cir. 2021).

[4] This is evident from the two provisions in the agreement on which the majority focuses: (1) "[The parties] agree that any controversy or claim arising out of or relating to this contract or relationship between the parties . . . shall be resolved by arbitration," and (2) "The only parties *to the arbitration* shall be [Petitioners] and [the individual dancer]." (emphasis added). As the majority notes, the third clause governing disputes between the parties does not bar collective actions.

(5th Cir. 2020) (per curiam) (affirming the district court's determination that "a class action waiver in the middle of an arbitration provision" was not "an independently effective waiver of the right to pursue a class action outside of the arbitration context"). As of yet, Petitioners have not moved to compel arbitration and the district court has not addressed whether Petitioners waived their right to do so or whether the arbitration agreements are enforceable. *Cf. id. JPMorgan* did not hold that notice should *never* be sent to potential plaintiffs who might, at some point, be compelled to arbitrate, and if the case here proceeds, as it has, in federal court, "nothing in the agreement would prohibit [the potential plaintiffs] from participating in the collective action." *JPMorgan*, 916 F.3d at 503. No one would disagree that wronged employees should receive notice under the FLSA that their employer might have violated their federally protected rights unless they are prohibited from participating in the collective action.

In sum, at this stage, none of the three clauses of the arbitration agreement prohibits potential plaintiffs from participating in a collective action. Therefore, the district court's decision to grant the motion for certification and issuance of notice was not error, let alone indisputable error.